IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                           |   |                                  |
|---------------------------|---|----------------------------------|
| YURI J. STOYANOV          | : |                                  |
|                           | : |                                  |
| v.                        | : | Civil Action No. DKC 07-1985     |
|                           | : |                                  |
| RAY MABUS, SECRETARY OF   |   |                                  |
| THE NAVY                  | : |                                  |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are: (1) a motion for reconsideration filed by Plaintiff Yuri J. Stoyanov ("Plaintiff") (ECF No. 40); (2) a motion for leave to file a motion for summary judgment on the remaining claims, and a motion for summary judgment filed by Defendant Ray Mabus ("Defendant") (ECF Nos. 39; 44); and (3) two "motion[s] for sanctions and for leave to rebut" Defendant's arguments filed by Plaintiff (ECF Nos. 43; 55). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion for reconsideration and his motions for sanctions will be denied. Defendant's motion for summary judgment will be granted.

## I.   Background

A full discussion of the procedural and factual background of this case may be found in a prior memorandum opinion issued on August 26, 2015.  (ECF No. 37, at 1-7).  Additional relevant facts will be discussed in the analysis section.  The complaint, filed by *pro se* Plaintiff on July 25, 2007, asserted fourteen counts arising out of thirteen "Incidents."[1]  (*See* ECF No. 1, at 22-24, 29-44).  The August 26 memorandum opinion and accompanying order granted in part and denied in part Defendant's motion to dismiss or, in the alternative, for summary judgment.  (ECF Nos. 37; 38).  All of Plaintiff's claims against defendants other than Defendant Ray Mabus, Secretary of the Navy, were dismissed.  (*See* ECF No. 38 ¶ 3).  The only claims that remain are certain of Plaintiff's allegations that the Navy failed to hire or promote him due to his national origin and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 (the "ADEA") (Counts I and III), and in retaliation for his Equal Employment Opportunity complaints in violation of Title VII (Count II).  Specifically, only claims within Counts

---

[1] Because Plaintiff and his brother have filed a large number of cases, the court entered an order restricting the brothers to one active case at a time.  Accordingly, this case was placed on the inactive-unassigned docket on August 7, 2007. (ECF No. 2).  The case was reactivated and reassigned to the active docket on December 23, 2013.  (ECF No. 11).

I, II, and III regarding Incidents 8, 9, 11, 12, and 13 remain. (*See id.* ¶ 5).  These remaining claims assert that Plaintiff was discriminated or retaliated against when the Navy, Plaintiff's employer at all relevant times, failed to promote him to five ND-5 Program Manager positions and instead promoted or assigned work to other employees who Plaintiff alleges were less qualified.

On September 9, 2015, Defendant filed the pending motion for leave to file a motion for summary judgment on the remaining claims.  (ECF No. 39).  Plaintiff filed the pending motion for reconsideration (ECF No. 40), and Defendant responded (ECF No. 42).  Plaintiff filed a "motion for sanctions and for leave to rebut Defendant's [] Response."  (ECF No. 43).  On October 9, Defendant filed the pending motion for summary judgment (ECF No. 44), which is fully briefed (ECF Nos. 51; 54).  Finally, Plaintiff filed another pending "motion for sanctions and for leave to rebut" Defendant's reply.  (ECF No. 55).

## II. Plaintiff's Motion for Reconsideration

Fed.R.Civ.P. 54(b) governs reconsideration of an interlocutory order.  *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991).  Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may

3

be revised at any time before the entry of a judgment
adjudicating all the claims and all the parties' rights and
liabilities." "In the United States Court of Appeals for the
Fourth Circuit, the precise standard governing a motion for
reconsideration of an interlocutory order is unclear." *Innes v.
Board of Regents of the Univ. Sys. of Md.*, 121 F.Supp.3d 504,
506 (D.Md. 2015) (citing *Fayetteville Investors,* 936 F.2d at
1472). "While the standards articulated in Rules 59(e) and
60(b) are not binding in an analysis of Rule 54(b) motions,
courts frequently look to these standards for guidance in
considering such motions." *Id.* at 506-07 (citing *Am. Canoe
Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003);
*Akeva, LLC v. Adidas Am., Inc.,* 385 F.Supp.2d 559, 565-66
(M.D.N.C. 2005)).

> Public policy favors an end to litigation
> and recognizes that efficient operation
> requires the avoidance of re-arguing
> questions that have already been decided.
> Most courts have adhered to a fairly narrow
> set of grounds on which to reconsider their
> interlocutory orders and opinions. Courts
> will reconsider an interlocutory order in
> the following situations: (1) there has been
> an intervening change in controlling law;
> (2) there is additional evidence that was
> not previously available; or (3) the prior
> decision was based on clear error or would
> work manifest injustice.

*Akeva*, 385 F.Supp.2d at 565-66 (citations omitted); *see also
Beyond Sys., Inc. v. Kraft Foods., Inc.,* No. PJM-08-409, 2010 WL

3059344, at *1-2 (D.Md. Aug.4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). Importantly, a motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.,* 2010 WL 3059344, at *2.

Plaintiff argues that reconsideration is appropriate because the August 26 memorandum opinion and order is "unsupported by evidence, wrong, with misrepresentations and [is] virtually a copy of [defense counsel's] fraudulent submissions to the court." (ECF No. 40, at 1). Plaintiff's specific justifications for reconsideration under the standard set forth in Fed.R.Civ.P. 59(e) are not entirely clear. He has not identified any intervening change in law, newly developed evidence, clear error of law, or manifest injustice to warrant an alteration of the prior opinion. The arguments he appears to assert in support of his motion for reconsideration are unpersuasive.

The overarching argument throughout Plaintiff's motion is that the court improperly relied on Defendant's alleged fraudulent representations. Plaintiff's motion rehashes the same arguments raised earlier in this case and in numerous prior actions as well. Plaintiff's assertions of fraud and misconduct appear simply to be disagreements with Defendant's legal

arguments and the court's conclusions.  Once again, "Plaintiff supports this motion with nothing more than vague, subjective, and unsubstantiated allegations of misconduct.  Absent some specific evidence of wrongdoing, the extraordinary relief sought is unwarranted."  (ECF No. 37, at 46-47 (citing *Stoyanov v. Mabus*, No. DKC-07-1953, 2012 WL 1957841, at *2 (D.Md. May 30, 2012))).

Moreover, Plaintiff fails to articulate why reconsideration is necessary to correct a clear error of law or prevent manifest injustice.  To justify reconsideration on the basis of clear error or manifest injustice, the prior decision cannot be "just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish."  *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation and internal quotation marks omitted).  Here, Plaintiff asserts many of the same substantive arguments as before.  Such a "reiteration of prior arguments reveals a 'mere disagreement' with the court's decision and thus is an insufficient basis for such an extraordinary remedy."  *Panowicz v. Hancock*, No. DKC-11-2417, 2015 WL 5895528, at *3 (D.Md. Oct. 5, 2015) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).  Plaintiff's conclusory and repetitive legal arguments do not warrant reconsideration and are, in some

instances, irrelevant or incorrect. Accordingly, Plaintiff's motion for reconsideration will be denied.

## III. Defendant's Motion for Summary Judgment

### A.   Standard of Review

Summary judgment is appropriate under Federal Rule of Civil Procedure Rule 56(a) when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court of the United States explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

(quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).   The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment.   *See Liberty Lobby*, 477 U.S. at 252.   A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted).   Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.   *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).[2]

## B.   Analysis

Title VII prohibits discrimination based on an employee's personal characteristics such as "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2525 (2013).   Similarly,

---

[2] Also pending is Defendant's motion for leave to file a motion for summary judgment.   (ECF No. 39).   Fed.R.Civ.P. 56(b) provides: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."   That time has not yet expired.   Although Defendant already filed a motion for summary judgment, and piecemeal litigation is not ideal, there is good reason to permit an additional motion.   Defendant's motion for leave to file a motion for summary judgment on the remaining claims will be granted.

the ADEA prohibits employers from discriminating against employees or prospective employees because of the individual's age. 29 U.S.C. § 623(a). The ADEA's protections apply to individuals at least forty (40) years of age, 29 U.S.C. § 631(a), and does not permit "a mixed-motives age discrimination claim." *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167, 175 (2009). Instead, Plaintiff must "establish that age was the 'but-for' cause of the employer's adverse action." *Id.* at 177. In addition, Title VII prohibits retaliation by the employer against employees who engage in a protected activity. 42 U.S.C. § 2000e-2(a). Protected activity includes opposing "unlawful employment practice[s] [under] this subchapter" or "ma[king] a charge, testif[ying], assist[ing], or participat[ing] in . . . [a Title VII] investigation, proceeding, or hearing[.]" 42 U.S.C. § 2000e-3(a).

To survive a motion for summary judgment, a plaintiff asserting Title VII claims must provide evidence of intentional discrimination or retaliation through one of two avenues of proof: (1) direct or circumstantial evidence that discrimination or retaliation motivated the employer's adverse employment decision, or (2) the *McDonnell Douglas* "pretext framework" that requires a plaintiff to show that the "employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination [or

retaliation]." *See Hill v. Lockheed Martin Logistics Mgmt., Inc.,* 354 F.3d 277, 284-85 (4th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)). The *McDonnell Douglas* framework is also applied to age discrimination claims arising under the ADEA if the Plaintiff does not have direct evidence of discrimination. *See id.* at 285. Here, Plaintiff provides no direct evidence of discrimination or retaliation and must rely on the *McDonnell Douglas* framework.

Under the *McDonnell Douglas* framework, once the plaintiff meets his initial burden of establishing a *prima facie* case, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* Once the employer meets this burden of production, "the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's stated reasons 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143 (2000)). "The final pretext inquiry merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination, which at all times remains with the plaintiff." *Merritt v. Old Dominion Freight Line, Inc.,* 601 F.3d 289, 294 (4th Cir. 2010) (internal quotation marks omitted).

Here, Defendant did not challenge Plaintiff's substantive arguments with respect to Incidents 8, 9, 11, 12, and 13 in the initial motion to dismiss or, in the alternative, for summary judgment. Instead, Defendant relied entirely on an unsuccessful timeliness argument. Defendant now argues that Plaintiff cannot establish a *prima facie* case of discrimination or retaliation under the *McDonnell Douglas* framework for each of the remaining Incidents. Defendant also asserts that even if Plaintiff could establish a *prima facie* case, the Navy had a legitimate reason for not promoting Plaintiff because it selected a more qualified applicant for each vacancy. Plaintiff counters that he has established a *prima facie* case of discrimination and retaliation and that Defendant has intentionally misrepresented facts.

To establish a *prima facie* case of discrimination based on a failure to promote, Plaintiff must show that he: (1) is a member of a protected class; (2) applied for the position in question; (3) was qualified for each position; and (4) was rejected for each position under circumstances giving rise to an inference of unlawful discrimination. *Anderson v. Westinghouse Savannah River Co.,* 406 F.3d 248, 268 (4th Cir. 2005). In addition, in assessing an ADEA failure-to-promote claim, a plaintiff must establish that the individual selected for the position was substantially younger than he. *See O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 312-13 (1996). To

establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that: (1) he engaged in a protected activity, (2) an adverse employment action was taken against him, and (3) the protected activity was causally connected to the adverse action. *See Holland v. Washington Homes, Inc.,* 487 F.3d 208, 218 (4th Cir. 2007) (citing *Beall v. Abbott Labs.,* 130 F.3d 614, 619 (4th Cir. 1997)).

Each Incident stems from the Navy's selection of another individual over Plaintiff for one of five positions in 2003 and 2004. During the relevant time period, the Navy used the "Resumix" system to process recruitment actions. (ECF No. 44-9, at 1). Using the Resumix system, interested applicants uploaded their resume and an "additional data sheet." (ECF No. 44-3). According to Defendant, each vacancy at issue was filled using an "open continuous" announcement process (the "OC process"). (ECF Nos. 44-1, at 10; 44-6; 44-7). Under the OC process, a general announcement would be posted on the Resumix system, and an interested applicant could post his or her resume and additional data sheet to the general announcement. When a specific position became available under the general announcement, any applicant who properly submitted a resume and additional data sheet to the general announcement would be added to the initial pool for the vacancy. (ECF Nos. 44-1, at 10; 44-9, at 2). A central human resources official would then perform

12

an initial narrowing of the applicants and send a "competitive certificate" list containing a limited number of qualified applicants to the individuals responsible for filling the vacancy.  (ECF Nos. 44-1, at 10-11; 44-9, at 2-3).  Plaintiff's resume was on file in the Resumix system and was submitted for the general announcements under which the individual vacancies at issue here were posted.  (*See* ECF No. 44-8).[3]

For each vacancy at issue, Plaintiff fails to establish a *prima facie* case because he has not put forth evidence that he was rejected for each position under circumstances giving rise to an inference of unlawful discrimination, and he fails to show that his non-selection was causally related to his protected activity.  To create an inference of discrimination, Plaintiff "must at least demonstrate that [his] 'rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or *relative lack of qualifications* or the absence of a vacancy in the job sought.'"  *Moore v. Leavitt*, No. WDQ-04-2819, 2007 WL 5123539,

---

[3] Defendant notes that Plaintiff's resume may not have been uploaded for one of the vacancies (Incident 8).  (ECF No. 44-1, at 11 n.4).  Plaintiff's *prima facie* case would be weakened by this fact because he would be unable to show that he applied for this vacancy.  In effect, Defendant concedes that Plaintiff has established the first two prongs of a *prima facie* case, including that Plaintiff applied, and was not selected for, each vacancy.

at *4 (D.Md. Feb. 9, 2007) (emphasis added) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977)).

In support of his motion, Defendant attaches affidavits and documents detailing the selection process for the vacancies. (ECF Nos. 44-3 through 44-13). In four of the five Incidents, Plaintiff was not placed on the competitive certificate list by the human resources office. (ECF No. 44-1, at 11-12 n.5). As described above, this initial culling process was largely automatic, and the human resource officials performing this task attest that they were not familiar with Plaintiff and were not aware of his national origin or prior protected activity. (ECF Nos. 44-9, at 1; 44-12, at 1). For each vacancy, the human resource officials ran key-word searches to narrow the list of applicants based on the relevant skills and qualifications for the job. (ECF No. 44-9, at 2). The human resource specialists and the hiring officials aver that Plaintiff was not placed on the competitive certificate because he was relatively inexperienced or unqualified or because the job was in a geographic location in which Plaintiff did not note an interest. (*See* ECF Nos. 44-9 through 44-13). The applicant ultimately selected for each position possessed greater technical experience and qualifications relevant to the vacancy than did Plaintiff. Plaintiff's unclear, unsupported, and conclusory assertions aside, these circumstances do not give rise to an

14

inference of unlawful discrimination. Moreover, Plaintiff offers no evidence or factual assertions that the decisionmakers were aware of his protected activity, and thus fails to establish a causal connection. Accordingly, Plaintiff cannot establish a *prima facie* case of unlawful discrimination or retaliation for Incidents 8, 11, 12, or 13.

Plaintiff was placed on the competitive certificate for the vacancy in Incident 9, a position ultimately filled by John Wojno. (ECF No. 44-1, at 15-18). Plaintiff was one of nineteen applicants placed on the competitive certificate, which was given to Douglas Noll, the hiring official for the position. (ECF No. 44-11, at 1-2). Mr. Noll "convened a selection panel to help [him] with the selection process[, and] asked the panel to evaluate the resumes on the certificate against the position description and qualifications." (*Id.* at 2). The panel selected the top five resumes for discussion, and ultimately the top three candidates were interviewed. Mr. Noll avers that "Plaintiff did not make the top 5 list of candidates in the resume screening process and was not interviewed." (*Id.*). Much like the screening process that took place in the other four Incidents, Plaintiff has not shown circumstances giving rise to an inference of discrimination or retaliation. Mr. Noll did not know Plaintiff and "had no definite knowledge of his age, national origin, [or] that he had filed EEO complaints." (*Id.*

15

at 6).   Moreover, Plaintiff was relatively unqualified for the position, and possessed only one of the requisite qualifications.   (*Id.* at 5).   Accordingly, Plaintiff fails to establish a *prima facie* case of unlawful discrimination or retaliation for Incident 9.

Even if Plaintiff could establish a *prima facie* case, Defendant has put forth a legitimate, nondiscriminatory, and nonretaliatory reason for Plaintiff's lack of promotion: the individuals selected for each position were more qualified than Plaintiff. *See Hux v. City of Newport News, Va.*, 451 F.3d 311, 314 (4th Cir. 2006) (noting that the defendant met its burden to show a legitimate, nondiscriminatory justification because it showed that the candidates hired were better qualified). Affidavits from the human resource officials and individuals responsible for filling the vacancies show that those selected over Plaintiff for each position each possessed better qualifications and expertise for the positions than did Plaintiff.   This assessment is supported by an independent comparison of the resumes submitted by Plaintiff and those ultimately hired to the requirements in the position descriptions.

As Judge Nickerson noted in *Stoyanov v. Mabus*, No. WMN-07-1863, 2011 WL 4397492, at *10 (D.Md.  Sept. 20, 2011), *aff'd sub nom. Stoyanov v. Behrle*, 470 F.App'x 128 (4th Cir. 2012):

> The law is well settled that it is the employer's prerogative to establish the qualifications for a position, and that a plaintiff must, to establish pretext, show that he was the better qualified candidate with respect to those qualifications that the employer deemed important. *See EEOC v. Fed. Reserve Bank of Richmond,* 698 F.2d 633, 671 (4th Cir. 1983) (holding that an employer has the right to establish the qualifications that are "necessary or preferred" for a position and the plaintiff must show not only that he meets these qualifications to establish a prima facie case but also that he is superior to the selected candidate to establish pretext), *rev'd in part on other grounds, Cooper v. Fed. Reserve Bank of Richmond,* 467 U.S. 867 (1983). Furthermore, a plaintiff's own self-interested assessment of his qualifications for a particular position is irrelevant and it is the decision maker's assessment that matters. *Evans v. Tech. App. & Serv. Co.*, 80 F.3d 954, 960-61 [(4th Cir. 1996)].

Accordingly, Plaintiff's bald assertions that he was more qualified than the applicants selected for the vacancies are not sufficient to establish that the Navy's selection of the other individuals was a pretext for discrimination.

## IV. Plaintiff's Motions for Sanctions and Leave to Rebut Defendant's Arguments

Also pending are Plaintiff's two motions for sanctions and leave to rebut Defendant's arguments. (ECF Nos. 43; 55). Plaintiff's first motion was filed as a reply in support of his motion for reconsideration. (ECF No. 43). Thus, it will be construed as a motion for sanctions and as a reply, for which

leave is not required to challenge Defendant's opposition brief. Plaintiff's second motion was filed as a surreply in opposition to Defendant's motion for summary judgment. (ECF No. 55). Accordingly, it will be construed as a motion for sanctions and a motion for leave to file a surreply.[4]

Plaintiff's motions for sanctions advance the same disagreements with defense counsel's arguments and this court's prior conclusions. As previously noted, "Plaintiff supports [his] motion[s] with nothing more than vague, subjective, and unsubstantiated allegations of misconduct. Absent some specific evidence of wrongdoing, the extraordinary relief sought is unwarranted." (ECF No. 37, at 46-47 (citing *Stoyanov v. Mabus*, No. DKC-07-1953, 2012 WL 1957841, at *2 (D.Md. May 30, 2012))). In many ways, Plaintiff's motions for sanctions are simply reiterations of his motion for reconsideration and his opposition to Defendant's motion for summary judgment, and they

---

[4] Local Rule 105.2(a) states that, "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Surreplies are generally disfavored. *Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575, 624 (D.Md. 2014) (citing *Chubb & Son v. C.C. Complete Servs., LLC*, 919 F.Supp.2d 666, 679 (D.Md. 2013)). The court may permit a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply. *See Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003). Defendant's reply contains no new arguments, and Plaintiff does not argue as such. Rather, Plaintiff seeks yet another opportunity to rehash his assertions of fraud. Accordingly, Plaintiff's motion for leave to file a surreply will be denied.

contain many of the exact same arguments. Accordingly, Plaintiff's motions for sanctions will be denied.

**V.    Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration and his motions for sanctions will be denied. Defendant's motion for summary judgment will be granted. A separate order will follow.


                                  /s/
                      _____
                      DEBORAH K. CHASANOW
                      United States District Judge