```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
YURI J. STOYANOV                :
                                :
     v.                         :   Civil Action No. DKC 07-1985
                                :
RAY MABUS, SECRETARY OF         :
THE NAVY                        :
```

**MEMORANDUM OPINION AND ORDER**

On August 26, 2015, this court issued a memorandum opinion and order granting in part and denying in part the motion to dismiss or, in the alternative, for summary judgment filed by Defendant Ray Mabus ("Defendant"). (ECF Nos. 37; 38). On June 13, 2016, the court issued another memorandum opinion and order denying a motion for reconsideration filed by Plaintiff Yuri J. Stoyanov ("Plaintiff") and granting Defendant's motion for summary judgment on the remaining claims. (ECF Nos. 56; 57). On July 5, Plaintiff filed the pending motion for reconsideration. (ECF No. 58). Defendant responded (ECF No. 60), and Plaintiff replied (ECF No. 61).

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2)

to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Here, Plaintiff's motion rehashes the same arguments considered and rejected by the court in both prior decisions.  Plaintiff's continued conclusory assertions and opinions do not establish a dispute of material fact sufficient to survive summary judgment or justify reconsideration.  Similarly, Plaintiff's repeated and lengthy accusations of "fraud" simply put forth the same disagreements with defense counsel's arguments and this court's conclusions that he has asserted throughout this and prior actions.  (*See* ECF No. 56, at 17-19).  As Plaintiff is aware, a "'reiteration of prior arguments

reveals a mere disagreement with the court's decision and thus is an insufficient basis for [the] extraordinary remedy'" of reconsideration under Rule 59(e). (*Id.* at 6 (quoting *Panowicz v. Hancock*, No. DKC-11-2417, 2015 WL 5895528, at *3 (D.Md. Oct. 5, 2015))). Thus, Plaintiff's motion for reconsideration must be denied.

Accordingly, it is this 15th day of August, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff (ECF No. 58) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Plaintiff and to counsel for Defendant.

                                             /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge